The Judges,
after considering this case, were unanimous» ly of opinion, that in the construction of wills, the intention of the testator ought always to govern, or to be particularly attended to, wherever the intention can be discovered or traced out from the whole of the will taken together. Let it then be asked, what was the intention of the testator in the devises under consideration ? and the answer is plain and evident, that it was to make a provision for his wife during her life, and, after her death, for the two youngest children, whoever they might be. The testator had a large family of children, and it appears he had a large estate to divide among them ; and it .was very natural for him, after settling the elder ones, and giving them their portions, to make provision for the younger ones, as they grew up and came of age, And as they had not an immediate occasion for their portions, and lived with the mother, he seems to have intended to give them their shares out of the estates devised in trust for the mother, after her death. According to this intention, then, he appears to have made his will, and that too in plain and intelligible terms. “ That the “plantation and negroes should go to the youngest child who “ should attain the age of 21 years ; and the house and lot in “ town, servants and furniture, Ode. he gave to his :ext “ youngest child, zvho should arrive at the age of 21 yearsP
According to this plain intention of the testator, if Elizabeth and Benjamin had lived to arrive at the age of 21 years, they would have taken, because one was the youngest, and the other the next youngest child. If only one of them had live-. to come of age, then that one and Mrs. Brailsford tyouid have taken the estate, But as neither of them lived *261 So come of age, or left lawful issue, who then on their death were to take r The answer is, still the youngest, and next youngest of his children. And who were they ? Unquestionably Mrs. Brailsford, and Nathaniel Heyward answered this description.
But it is said, the house and lot vested in Mrs. Brail;-ford, on the death of Benjamin and Elizabeth, as an execu-tory devise, and having once vested, she never could again be devested of it; it became ner’s absolutely. And here it is alleged, that this rule of law controlled the intention of the testator, and gave her by operation of law, the whole of the estates which might have been intended for the voting-est, and next youngest children by the testator originally. But this is evidently a mistake ; because, there was no specific devise of this house and lot to Mrs. Brailsford, after the death of Elizabeth and Benjamin, either express or implied ; for the estate was in trustees, and could not possibly vest until after the contingencies happened, namely, the death of the mother, and the death of the two youngest children successively ; then it was held in trust, for what ? for the uses and purposes mentioned in the testator’s will. It then went over according to the terms of the will to the next youngest child, and Mrs. Brailsford took the plantation and negroes, as the youngest child which arrived at twenty-one years of age, agreeably to her father’s intention, as a con. tingent remainder.
Upon the death of Benjamin, she changed positions; and instead of being the next youngest child of the testator, she became the youngest; and this was the kind of lottery mentioned by the last gentleman in the argument, or chance created by her father’s will. It was a change of situations naturally resulting from the death of the two youngest children.
It is the duty of the judges, to find out the intention of the testator if possible ; and when discovered, to see that it be carried into due execution. That being the case, it is evident to all of them, and they are unanimously of opinion, that the house and lot in dispute, eventually went into Na- *262 thcmiel'Heyward, as the testator’s next youngest child that survived and arrived at twenty-one years of age ; and that agreeably to the finding of the jury, judgment should be for the plaintiff in this action, and that the record should be delivered over to him, in order that final judgment may be entered on it in his favour.
Present, Grimke, Waties, Bay, Johnson, and Treze-V ANT.